The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action and a supplementary petition for disciplinary action against respondent Kristi Ann Fox. We appointed a referee to consider these petitions in an order filed November 20, 2017. Respondent is also the subject of a pending disciplinary investigation. The parties have entered into a stipulation for transfer to disability inactive status and agree to a stay of the matter pending before us and the disciplinary investigation (collectively "the disciplinary proceedings"). In the stipulation, the parties agree that respondent has medical conditions that prevent her from competently representing clients. See Rule 28(a), Rules on Lawyers Professional Responsibility (RLPR). The parties agree that if respondent seeks reinstatement, the stay of the disciplinary proceedings will be automatically lifted, and that during the reinstatement process, the disciplinary proceedings will resume to determine whether discipline is warranted.
Based on all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Kristi Ann Fox is transferred to disability inactive status under Rule 28, RLPR, effective immediately. While on disability inactive status, respondent may not render legal advice, discuss *510 legal matters with clients, or otherwise engage in the practice of law.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of transfer to disability inactive status to clients, opposing counsel, and tribunals).
3. The disciplinary proceedings involving respondent are stayed until such time as respondent petitions for reinstatement to the practice of law under Rules 18 and 28(d), RLPR. Upon the filing of a petition for reinstatement, the stay of the disciplinary proceedings will be automatically lifted. In addition to the requirements of Rules 18 and 28(d), the reinstatement proceedings will involve a determination of whether discipline is warranted.
4. In addition to the requirements of Rules 18 and 28(d), RLPR, respondent's reinstatement shall be conditioned on respondent establishing through expert psychological, psychiatric, and medical evidence that she has undergone treatment and has recovered such that she is psychologically and cognitively fit to resume the practice of law.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice